## NATIONAL LABOR RELATIONS BOARD v. BLUE BELL–GLOBE MFG. CO.

### No. 4771.

Circuit Court of Appeals, Fourth Circuit.

June 10, 1941.

PARKER, Circuit Judge, dissenting in part.

Thomas E. Harris, Sp. Asst. to the Atty. Gen. (Robert B. Watts, Gen. Counsel, Laurence A. Knapp, Associate Gen. Counsel, Ernest A. Gross, Asst. Gen. Counsel, Bertram Edises, Samuel Edes, and Ramey Donovan, all of Washington, D. C., Attys., National Labor Relations Board, on the brief), for petitioner.

Charles I. Dawson, of Louisville, Ky. (A. Shelby Winstead and Woodward, Dawson & Hobson, all of Louisville, Ky., and Hines & Boren, of Greensboro, N. C., on the brief), for respondent.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge.

This is a petition to enforce an order of the National Labor Relations Board. The Board found that the respondent, the Blue Bell-Globe Manufacturing Company, by interfering with, restraining and coercing its employees in the exercise of the rights guaranteed by section 7 of the National Labor Relations Act, 29 U.S.C.A. § 157, had engaged in unfair labor practices within the meaning of section 8(1) of the act, and by the discriminatory discharge of one Virgil T. Kivett had violated section 8(3) of the act, 29 U.S.C.A. § 158(1, 3). It dismissed, as not supported by the testimony, a charge of espionage and charges of discrimination in the lay off of one Oneta Dean. The order entered by the Board contained the usual cease and desist provisions and required the reinstatement of Kivett with back pay and with repayment of amounts received from work relief agencies. The Board consents that the requirement as to repayment of amounts received from work relief agencies be stricken from the order.

 There is plenary evidence to sustain the findings of the Board as to interference, restraint and coercion with respect to antiunion utterances made to employees by Overman, the foreman in respondent's cutting room, Weant, its plant manager, and Shaner, its plant superintendent. Much of this evidence is denied by witnesses for respondent; but it is not our function to weigh conflicting testimony or pass upon the credibility of witnesses. We should say, however, that, in reaching this conclusion, we have not deemed it necessary to consider as supporting the findings the fact that respondent's officials stated on a number of occasions that no man would be discharged by respondent because he did not belong to a union or that they posted a notice to that effect. The argument is made that this was a definite refusal to bargain collectively in as much as the closed shop might be the subject of bargaining. We are not impressed by this argument, but we need not pass on the point, as the findings of the Board as to interference, restraint and coercion are amply sustained otherwise.

 More troublesome is the question as to discriminatory discharge of Kivett. It is well settled that "the act does not interfere with the normal exercise of the right of the employer to select its employees or to discharge them." National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 628, 81 L.Ed. 893, 108 A.L.R. 1352. "It is directed solely against the abuse of that right by interfering with the countervailing right of self-organization." Phelps Dodge Corp. v. National Labor Relations Board, 61 S.Ct. 845, 849, 85 L.Ed. ——. The employer can hire and fire at will, so long as action is not based on union membership or intent to interfere with the purposes of the act. And where a just ground of discharge appears, it is ordinarily a mere matter of speculation to say that the discharge was because of union membership. Cf. National Labor Relations Board v. Norfolk Shipbuilding & Drydock Corp., 4 Cir., 109 F.2d 128, 130; Martel Mills Corp. v. National Labor Relations Board, 4 Cir., 114 F.2d 624. On the other hand, where there is discharge on account of union membership, the act may not be evaded by assigning some other ground as a pretext. Cf. Hartsell Mills Co. v. National Labor Relations Board, 4 Cir., 111 F.2d 291; National Labor Relations Board v. Entwistle Mfg. Co., 4 Cir., 120 F.2d 532. Where the question arises, it is for the Board and not the courts to say what was the real ground of discharge, and its finding must be sustained if supported by substantial evidence. Hartsell Mills Co. v. National Labor Relations Board, supra; National Labor Relations Board v. Wallace Mfg. Co., 4 Cir., 95 F.2d 818; National Labor Relations Board v. Arcade-Sunshine Co., App.D.C., 118 F.2d 49.

 What is substantial evidence in such case is not difficult to define in general terms. It is such evidence as in the mind of a reasonable man would support the conclusion of the Board. Appalachian Electric Power Co. v. National Labor Relations Board, 4 Cir., 93 F.2d 985; Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126. No mere rule of thumb, however, will suffice to solve the difficulty in most cases. It will not do, as counsel for the Board suggest, to say in every case that union membership must be deemed the cause of the discharge if the Board is of opinion that the employee would not have been discharged for the cause assigned if he had not been a union member. If a good cause for dismissal exists and if it appears that the employee was discharged in good faith for that reason, it is idle to speculate what might have been the em-

ployer's action if the employee had not been a member of the union. On the other hand, it will not do to say that the Board cannot go behind the reason given for a discharge. The provision against discrimination could be virtually nullified if the Board were required to accept without question the reasons given by the employer. Where there is a question as to the real ground of the discharge, that question must be resolved by the Board in the light of the attendant circumstances; and we must remember that it is for the Board and not for us to weigh the evidence and pass upon the credibility of the witnesses. Our function is limited to saying whether the conclusion reached is supported by any substantial evidence in the record.

■ And the rule is not different where the evidence relied upon to sustain the action of the Board is circumstantial and not direct in character. As we said in Hartsell Mills Co. v. National Labor Relations Board, supra, 4 Cir., 111 F.2d 291, 293, which dealt with a question of discriminatory discharge: "It must be remembered, in this connection, that the question involved is a pure question of fact; that, in passing upon it, the Board may give consideration to circumstantial evidence as well as to that which is direct; that direct evidence of a purpose to violate the statute is rarely obtainable; and that where the finding of the Board is supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn, it is binding upon the courts, as they are without power to find facts or to substitute their judgment for that of the Board".

■ Applying these rules, upon which all of us are agreed, to the case before us, the writer of this opinion is of the view that the Board's finding as to the discriminatory discharge of Kivett is supported by substantial evidence and should be sustained. The other members of the Court, however, are of the view that it is not so supported. Nothing would be accomplished by a discussion of the reasons upon which this conflict of opinion is based;. as the question is purely one of inferences to be drawn from facts which are set forth in the Board's opinion and which are not likely to be presented in any other case. It is enough to say that the writer thinks the evidence sufficient for reasons which he regards as adequately set forth in the opinion of the Board; the majority think

that the insubordinate conduct of Kivett furnished sufficient ground for his discharge, and any conclusion that it was brought about by union connections or activities rests on nothing more substantial than speculation or conjecture.

For the reasons stated, the order appealed from will be modified by eliminating therefrom the provisions requiring the reinstatement of Kivett; and as so modified it will be enforced.

Modified and enforced.