## PIEDMONT SHIRT CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 5145.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1943.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

Alfred F. Burgess, of Greenville, S. Car. (C. Granville Wyche and Thomas A. Wofford, both of Greenville, S. Car., on the brief), for petitioner.

LeRoy Marceau, Atty., National Labor Relations Board, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and A. Norman Somers and Maurice R. Kraines, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for respondent.

PER CURIAM.

This is a petition to review and set aside an order of the National Labor Relations Board. In its answer the Board asks enforcement of the order. The only questions involved are: whether the Board's findings are supported by substantial evidence with respect to (1) anti-union statements and conduct on the part of the employer's officers and supervisory employees, (2) discriminatory discharges of five employees on account of union membership and activity, and (3) discriminatory refusal to re-employ a discharged employee pursuant to agreement with the Board. The facts are fully set forth and appraised by the Board in its order, and no useful purpose would be served by reviewing them here. The speeches of the employer's president must be considered along with the evidence as to questioning of employees and other anti-union conduct and activity on his part and the part of supervisory employees; and, when the whole congeries of facts relied on is so considered, we cannot say that the finding of the Board lacked substantial support in the evidence. National Labor Relations Board v. Virginia Electric & Power Co., 314 U.S. 469, 62 S. Ct. 344, 86 L.Ed. 348; Virginia Electric & Power Co. v. National Labor Relations Board, 4 Cir., 132 F.2d 390; National Labor Relations Board v. Clarksburg Pub. Co., 4 Cir., 120 F.2d 976. Cf. N.L.R.B. v. American Tube Bending Co., 2 Cir., 134 F. 2d 993, 146 A.L.R. 1017. Likewise, we cannot say that the findings as to discriminatory discharge and failure to re-employ are not so supported. National Labor Relations Board v. Blue Bell-Globe Mfg. Co., 4 Cir., 120 F.2d 974; Hartsell Mills Co. v. National Labor Relations Board, 4 Cir., 111 F.2d 291, 293. The rule applicable is thus stated in the last-cited case: "It must be remembered, in this connection, that the question involved is a pure question of fact; that, in passing upon it, the Board may give consideration to circumstantial evidence as well as to that which is direct; that direct evidence of a purpose to violate the statute is rarely obtainable; and that where the finding of the Board is supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn, it is binding upon the courts, as they are without power to find facts or to substitute their judgment for that of the Board."

The order of the Board will be enforced.

Order enforced.